UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CHAD ROBERT ST. ARNOLD,

                           Plaintiff,                      No. _____

v.                                         Hon. _____
                                         United States District Judge

CACH, LLC,
WILLIAM C. GROSSMAN LAW, PLLC, and,
DEBORAH ANN WINSLOW,

                           Defendants.

_____/

**COMPLAINT and JURY DEMAND**

**I.**     **Introduction**

       1.     Plaintiff brings this Complaint against the Defendants, debt collectors CACH, LLC, William C. Grossman Law, PLLC, and Deborah Ann Winslow, seeking damages to redress the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices, and the Michigan Collection Practices Act ("MCPA"), M.C.L. §445.251, *et seq.* In this case, debt collectors materially misrepresented the amount owing and failed to provide validation notices.

1

## II.     Jurisdiction and Venue

2.      This Court has jurisdiction according to 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

3.      This Court has supplemental jurisdiction regarding Plaintiff's state law claims according to 28 U.S.C. §1367.

4.      Venue is appropriate in this judicial district for the reasons that the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here.

## III.    Parties

5.      Plaintiff Chad Robert St. Arnold (hereafter "Plaintiff" or "Mr. St. Arnold") is a natural person residing in the City of Kentwood, Kent County, Michigan.  Mr. St. Arnold is a "consumer" and "person" as those terms are defined and used in the FDCPA.  Mr. St. Arnold is a "consumer", "debtor" and "person" as the terms are defined and used in the MCPA.

6.      Defendant CACH, LLC, (hereafter "CACH") is a Colorado limited liability company with offices located at 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237.  The registered agent for CACH is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.  CACH and its affiliated entities and those acting in concert with them are engaged in the business of purchasing and collecting defaulted and charged-off consumer debts, often paying less than five cents on the dollar.  CACH uses the mails and interstate commerce in a business, the principal purpose of which is the collection of debt and its activities affect interstate commerce.  CACH regularly

2

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CACH is a "debt collector" as the term is defined and used in the FDCPA. CACH is a "regulated person" as the term is defined and used in the MCPA.

7.     Defendant William C. Grossman Law, PLLC, whose address purportedly is 5965 Transit Road, Suite 500, East Amherst, New York 14051 is a State of New York professional limited liability company that does business in the State of Michigan. Defendant William C. Grossman Law, PLLC, purportedly does business in the State of Michigan at 213 West Main Street, Suite 3, Brighton, Michigan 48116. The registered agent for Defendant William C. Grossman Law, PLLC, is National Registered Agents, Inc., 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 49025. William C. Grossman Law, PLLC, is a law firm whose primary business is debt collection. William C. Grossman Law, PLLC, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in its activities, thus affecting interstate commerce. William C. Grossman Law, PLLC, is a "debt collector" as the term is defined and used in the FDCPA. William C. Grossman Law, PLLC, is a "regulated person" as the term is defined and used in the MCPA.

8.     Defendant Deborah Ann Winslow is an individual purportedly residing in the State of Michigan. Defendant Deborah Ann Winslow is licensed (No. P-63179) by the State Bar of Michigan to practice law in Michigan. Defendant Deborah Ann Winslow regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in such activities and her activities thus affect interstate commerce. Defendant Deborah

3

Ann Winslow is a "debt collector" as the term is defined and used in the FDCPA. Defendant Deborah Ann Winslow is a "regulated person" as the term is defined and used in the MCPA.

## IV. Facts

9.     Plaintiff Chad Robert St. Arnold had a credit card account #NN-1524 (hereafter, "the account") with Fifth Third Bank that he used to purchase goods and/or services for personal, family and household purposes.

10.     Any resulting obligation of Plaintiff to pay money on the foregoing account was a "debt" as the term is defined and used in the FDCPA and MCPA.

11.     The foregoing account went into default.

12.     Fifth Third Bank charged off the account and sold the account to CACH.

13.     CACH took an assignment of the account.

14.     CACH placed Mr. St. Arnold's account with The Law Office of Kevin Z. Shine, PLLC, and Defendant Deborah Ann Winslow attempted the collection of that debt.

15.     On April 7, 2015, Defendants CACH, and Deborah Ann Winslow on behalf of the Law Office of Kevin Z. Shine filed a debt collection lawsuit for and on behalf of CACH and against Plaintiff Chad Robert St. Arnold in the State of Michigan, 62-B Judicial District Court - City of Kentwood, titled *CACH, LLC vs. CHAD S ARNOLD* (sic), File No. 15-5313-GC.

16.     That a true and accurate copy of the Summons and Complaint in the foregoing state court matter is attached hereto, made a part hereof, and labeled "Exhibit A".

4

17.     That on or about May 17, 2015, Defendants CACH and Deborah Ann Winslow caused to be personally served upon the Plaintiff the foregoing Summons and Complaint.

18.     That the amount demanded by those Defendants of the Plaintiff in the foregoing state court matter and identified upon the Complaint in that case was the sum of Seven Hundred Forty-eight and 80/100 ($748.80) Dollars.

19.     That on or about September 8, 2015, Defendant William C. Grossman Law, PLLC, sent through the United States Mail a written communication in the form of a letter addressed to Plaintiff Chad Robert St. Arnold.

20.     That a true and accurate copy of the foregoing letter of September 8, 2015 is attached hereto, made a part hereof, and labeled "Exhibit B".

21.     That the foregoing letter, Exhibit B, identified Defendant William C. Grossman Law, PLLC, upon its letterhead.

22.     That in the foregoing letter, Exhibit B, Defendant Deborah Ann Winslow is identified as an attorney in the William C. Grossman Law, PLLC, as being licensed to practice law in the State of Michigan.

23.     That the foregoing letter, Exhibit B, contained the following statement by all of the Defendants and directed to the Plaintiff, "**IN THE SENDING OF THIS LETTER, NO ATTORNEY HAS REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT**."

24.     That the foregoing letter, Exhibit B, was addressed to the Plaintiff at his residence address in the City of Kentwood, Michigan.

25.     That the foregoing letter, Exhibit B, identified Defendant CACH as the

5

"Current Creditor" of Plaintiff Chad Robert St. Arnold.

26.     That the foregoing letter, Exhibit B, identified Fifth Third Bank as the
"Original Creditor" of Plaintiff Chad Robert St. Arnold.

27.     That the foregoing letter, Exhibit B, identified the "Original Account No." as
#NN-1524, the number assigned to the Plaintiff's Fifth Third Bank credit card account
identified above.

28.     That the foregoing letter, Exhibit B, asserted that the "CURRENT
BALANCE" owing upon the above-referenced account was Eight Hundred Forty-nine
and 73/100 ($849.73) Dollars.

29.     That subsequent to the filing of the above state court collection case and
in that case, on or about September 15, 2015, Defendants CACH, LLC, William C.
Grossman Law, PLLC, and Deborah Ann Winslow represented to the Plaintiff that the
amount owing Defendant CACH was Seven Hundred Forty-Eight and 80/100 ($748.80)
Dollars by way of a Motion asking the 62-B District Court to award that amount based
upon documents attached to that Motion and in favor of Defendant CACH and against
the Plaintiff.

30.     That the amount stated as the amount owing in Exhibit B ($849.73) was a
higher and materially different amount than that amount represented in and supported
by subsequent documentation in Exhibit A ($748.80).

31.     That the amount indicated in the correspondence of September 8, 2015,
Exhibit B, was represented to the Plaintiff to be the amount of his debt without regard to
how that materially higher figure had been calculated or upon what basis, if any, that
amount was owed.

32.     That there existed no valid basis to represent to the Plaintiff that the amount owing in Exhibit B ($849.73) accurately reflected Plaintiff's debt.

33.     That using a test of "the least sophisticated consumer", objectively, the foregoing representation was deceptive.

34.     That using a test of "the least sophisticated consumer", objectively, the foregoing representation was false.

35.     That using a test of "the least sophisticated consumer", objectively, the foregoing representation was misleading.

36.     That in actuality, the foregoing representations were deceptive, false, and misleading to the Plaintiff and he was deceived and misled thereby.

37.     That the letter, Exhibit B represented to the Plaintiff that if the Plaintiff did not respond that the alleged debt reflected in Exhibit B would be, as stated in that letter, "eligible for additional collection efforts."

38.     That the letter of September 8, 2015, and identified as Exhibit B was Defendant William C. Grossman Law, PLLC's first communication with the Plaintiff regarding the debt alleged therein.

39.     That the letter of September 8, 2015, and identified as Exhibit B by Defendant William C. Grossman Law, PLLC was the first communication regarding the debt received by the Plaintiff reflecting the higher debt amount claimed therein.

40.     That the letter of September 8, 2015, and identified as Exhibit B contained no statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

41.     That the letter of September 8, 2015, and identified as Exhibit B contained no statement that if the Plaintiff notified William C. Grossman Law, PLLC, in writing within the thirty-day period that the debt, or any portion thereof, is disputed, William C. Grossman Law, PLLC, would obtain verification of the debt or a copy of a judgment and a copy of same would be mailed to the Plaintiff.

42.     That the letter of September 8, 2015, and identified as Exhibit B contained no statement that upon the Plaintiff's written request within the thirty-day period that Defendant William C. Grossman Law, PLLC, will provide the Plaintiff with the name and address of the original creditor if different from the current creditor.

## V. Fair Debt Collection Practices Act Violations

43.     The Fair Debt Collection Practices Act is a consumer protection statute that imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices.

44.     The FDCPA states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. §1692e.

45.      The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2)(A).

46.     The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. §1692(e)(8).

47.     The FDCPA states that it is unlawful for a debt collector to use any false

8

representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10).

48.     The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1).

49.     The FDCPA requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. §1692g(a)(3).

50.     The FDCPA requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. §1592g(a)(4).

9

51.     The FDCPA requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor 15 U.S.C. §1692g(a)5.

52.     The Defendants violated the FDCPA as set forth above.

53.     The described acts and omissions of the Defendants were done intentionally and willfully in connection with efforts to collect an alleged debt from the Plaintiff.

54.     The Defendants intentionally and willfully violated the FDCPA.

55.     As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered actual damages, including anxiety, distress, upset, embarrassment and sustained consequential damages, including legal fees, expenses and costs.

**VI.  Michigan Collection Practices Act Violations**

56.     Plaintiff incorporates by reference the aforementioned allegations as if fully set forth herein.

57.     The Defendants violated the foregoing statute by misrepresenting the amount owed by the Plaintiff through the inclusion of unspecified additional charges to which they were not entitled.

58.     The foregoing paragraphs constitute a violation of M.C.L. §445.252(e).

59.     The Defendants violated M.C.L. §445.252(q) by failing to implement a

procedure designed to prevent each of the above-listed MCPA violations by their agents and/or employees.

60.    The Defendants violated M.C.L. 445.252(f) by misrepresenting in a communication with a debtor the legal status of a legal action taken or the legal rights of the creditor or debtor.

61.    Plaintiff suffered damages as a result of these violations of the MCPA.

62.    These violations of the MCPA were willful, and as a result, the Plaintiff is entitled to actual damages above $50.00, statutory damages up to $150.00, and reasonable attorney fees and court costs pursuant to M.C.L. §445.257.

WHEREFORE, the Plaintiff respectfully requests the following:

### Violations of Fair Debt Collection Practices Act

(A)    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(B)    Statutory damages pursuant to 15 U.S.C. §1692k;

(C)    Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3); and,

(D)    Such other and further relief as appropriate.

### Violations of Michigan Collection Practices Act

(A)    Damages pursuant to M.C.L. §445.257;

(B)    Treble the actual damages pursuant to M.C.L. §445.257(2); and,

(C)    Reasonable costs and attorney fees pursuant to M.C.L. §445.257(2).

(D)    Such other and further relief as appropriate.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

(Signature page follows.)

Dated: October 17, 2015

_/s/ Anthony J. Valentine_ _____
Anthony J. Valentine
Attorney at Law
Attorney for Plaintiff
Ste. 227, 29 Pearl Street, N.W.
Grand Rapids, MI 49503
(616) 288-5410
_tonyvalentinelaw@gmail.com_